Case 2:10-cv-00251-GMN-RJJ   Document 27   Filed 05/25/10   Page 1 of 3

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SANFORD D. BOSEM et al., ) | |
| ) | |
| Plaintiffs, ) | 2:10-cv-00251-RCJ-RJJ |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| REMAX PROPERTIES, LLC et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This case arises out of Plaintiff Phantom Tours, LLC's ("Phantom Tours") eviction from a luxury condominium in Las Vegas, Nevada. Plaintiffs filed the present Complaint in this Court, apparently believing that by doing so they had also "removed" certain eviction proceedings against Phantom Tours. But Plaintiffs are apparently not defendants in any state court action. Plaintiffs have now moved to "dismiss" the eviction proceedings, and Defendants have moved variously to dismiss or remand the Complaint. Defendants also request fees and costs. Rather than respond to Defendants' motions, Plaintiffs have filed a Motion for Clarification and Court's Direction on How to Proceed (#23). This order addresses only that motion.

Plaintiff Sanford D. Bosem is a managing partner of Plaintiff Phantom Tours, LLC. (Compl. at 1; *id.* ¶ 4). On November 6, 2009, Phantom Tours entered into an agreement (the "Agreement") with Defendant Luxury Suites International ("Luxury Suites") to lease Penthouse Suite 58308 at Palms Place, 4321 W. Flamingo Rd., Las Vegas, NV at the rate of $10,000 per month, beginning on November 16, 2009. (*See id.*, Ex. D). "Phantom Tours, LLC," and no other

natural or corporate person, is identified as "LESSEE" throughout the Agreement. (*See id.*). On January 12, 2010, Plaintiff received a demand for payment of rent despite allegedly having paid all rent due. (*Id.* ¶¶ 9–10; *id.*, Ex. A).

Plaintiffs sued Defendants Remax Properties, LLC ("Remax"); Luxury Suites; Candace C. Bailey; David Watts; David B. Sanders; Deette Jensen; and The Cooper Castle Law Firm, LLP ("Cooper") in this Court on ten causes of action, which the Court will characterize as follows: (1) Violations of 15 U.S.C. § 1692; (2) Defamation; (3) Violations of 15 U.S.C. § 1692; (4) Violations of 15 U.S.C. § 1692; (5) Constructive Eviction; (6)–(7) Breach of Contract; (8) Civil Conspiracy; (9) Intentional Infliction of Emotional Distress ("IIED"); and (10) Declaratory Judgment. Plaintiffs have moved to "dismiss" the eviction proceedings against them. Sanders and Cooper have moved to dismiss and for fees and costs. The remaining defendants have moved to remand and for fees and costs.

Sanders and Cooper have moved to dismiss based, *inter alia*, on lack of standing. Sanders and Cooper argue that Bosem lacks standing to sue at all because only Phantom Tours was a party to the rental agreement underlying this case and that Bosem has no standing in a personal capacity to pursue claims arising out of Defendants' alleged wrongful actions relating to the rental agreement. Phantom Tours may pursue its own claims, but Phantom Tours is an independent legal entity that must be represented by a licensed attorney. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (citing 28 U.S.C. § 1654); *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("A corporation may appear in federal court only through licensed counsel."); *see also In re Discipline of Schaefer*, 25 P.3d 191, 200 (Nev. 2001) ("We have consistently held that a legal entity such as a corporation cannot appear except through counsel . . . ."). Defendants argue that by presenting his company Phantom Tours as appearing "*pro se*," Bosem—who Defendants claim is only licensed to practice

law in Florida, where he is allegedly suspended for failure to pay bar dues—is in fact engaging in the unauthorized practice of law.[1] If, as Defendants claim, Bosem is not admitted to this Court either generally[2] or *pro hac vice*,[3] he is potentially engaged in the unauthorized practice of law, and Phantom Tours will be stricken as a Plaintiff if it does not obtain licensed counsel.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Clarification and Court's Direction on How to Proceed (#23) is GRANTED. Bosem must apply for admission pro hac vice before he may represent Phantom Tours. He has seven (7) days from the date of this order to apply for pro hac vice admission. Whether admission is granted or denied, Bosem will have seven (7) days from the date of that order to oppose the pending motions (#11, #14, #15, #17).

DATED: This 24th day of May, 2010.

R. Janes
United States District Judge

---

[1] Except for nonresident U.S. Government attorneys, this District requires an attorney to be admitted to practice in Nevada. *See* L.R. IA 10-1 and 10-3. A search for any attorney with the last name "Bosem" returns "no records" on the State Bar of Nevada's website. *See* State Bar of Nevada, Find-A-Lawyer, http://www.nvbar.org/findalawyer2.asp (last visited May 6, 2010). The Court may take judicial notice of this information as a public record. *See Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

[2] The records of the Clerk's Office indicate no attorneys by the name "Bosem" admitted to practice in this District.

[3] The clerk's record does not indicate any motions for admission *pro hac vice* in the present case.