# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SANFORD D. BOSEM et al.,

    Plaintiffs,

vs.

REMAX PROPERTIES, LLC et al.,

    Defendants.

Case No.: 2:10-cv-00251-GMN-RJJ

**ORDER**

This case arises out of Plaintiff Phantom Tours, LLC's ("Phantom Tours") eviction from a luxury condominium in Las Vegas, Nevada. Plaintiffs filed the present Complaint in this Court, apparently believing that by doing so they had also "removed" certain eviction proceedings against Phantom Tours. But Plaintiffs are not defendants in any state court action. Plaintiffs have now moved to "dismiss" the eviction proceedings, and Defendants have moved variously to dismiss or remand the Complaint. Defendants also request fees and costs. For the reasons given herein, the Court denies Plaintiffs' Motion to Dismiss (ECF No. 7); grants Defendants' Motion to Dismiss and Request for Attorneys' Fees and Costs (ECF Nos. 11, 15); and grants Defendants' Motion to Remand and Request for Attorneys' Fees and Costs (ECF Nos. 14, 17) in part and denies it in part, granting fees and costs, but denying the motion to remand as moot.

/ / /

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff Sanford D. Bosem is a managing partner of Plaintiff Phantom Tours, LLC. (Compl. 1; *id.* ¶ 4, ECF No. 1). On November 6, 2009, Phantom Tours entered into an agreement ("the Agreement") with Defendant Luxury Suites International ("Luxury Suites") to lease Penthouse Suite 58308 at Palms Place, 4321 W. Flamingo Rd., Las Vegas, NV at the rate of $10,000 per month, beginning on November 16, 2009. (*See id.*, Ex. D). "Phantom Tours, LLC," and no other natural or corporate person, is identified as "LESSEE" throughout the Agreement. (*See id.*). On January 12, 2010, Plaintiff received a demand for payment of rent despite allegedly having paid all rent due. (*Id.* ¶¶ 9–10; *id.*, Ex. A).

Plaintiffs sued Defendants Remax Properties, LLC ("Remax"); Luxury Suites; Candace C. Bailey; David Watts; David B. Sanders; Deette Jensen; and The Cooper Castle Law Firm, LLP ("Cooper") in this Court on ten causes of action, which the Court characterizes as follows: (1) Violations of 15 U.S.C. § 1692; (2) Defamation; (3) Violations of 15 U.S.C. § 1692; (4) Violations of 15 U.S.C. § 1692; (5) Constructive Eviction; (6)–(7) Breach of Contract; (8) Civil Conspiracy; (9) Intentional Infliction of Emotional Distress ("IIED"); and (10) Declaratory Judgment. Plaintiffs have moved to "dismiss" the eviction proceedings against them. Sanders and Cooper have moved to dismiss and for fees and costs. The remaining defendants have moved to remand and for fees and costs.

## II. LEGAL STANDARDS

### A. Rules 12(b)(5) and (6)

A party may move to dismiss claims against it for failure of the opposing party to serve the complaint. *See* Fed. R. Civ. P. 12(b)(5). Rule 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a

motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, a court takes all material allegations as true and construes them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*citing Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to

amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### B. Fees and Costs

Rule 54 provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  A defendant is a "prevailing party" under Rule 54 when a plaintiff voluntarily dismisses with prejudice under Rule 41. *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003) (citing *Tex. State Teachers Assoc. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989)).  Rule 54 does not distinguish between actions dismissed with and without prejudice, and Rule 41 is silent about costs under Rule 54. *See* Fed. R. Civ. P. 41.  Rule 41 states only that a plaintiff who voluntarily dismisses an action and who later files the same action may be ordered to pay the costs of the previous action, and that the later action may be stayed pending compliance. Fed. R. Civ. P. 41(d)(1)–(2).  The Seventh Circuit has held that a Court must grant (allowable) costs to a prevailing party under Rule 54, regardless of whether the case is dismissed with prejudice. *Cassidy*, 338 F.3d at 708–10.

Attorneys fees should not usually be granted when a dismissal is with prejudice because there is no danger of a defendant having to defend the same action twice. *See Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985).  Where there is a possibility of having to defend the same action twice, costs and fees should be awarded for work that will not be useful in future litigation. *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993).  A court has discretion, however, to

1  award fees even for work that will be useful in future litigation. *See LeBlang Motors, Ltd. v.*
2  *Subaru of Am., Inc.*, 148 F.3d 680, 685B86 (7th Cir. 1998).
3  **III.    ANALYSIS**
4        **A.    Plaintiffs' Motion to Dismiss**
5        Plaintiffs ask the Court to dismiss two cases they claim were removed to this Court,
6  bearing Nevada Justice Court case numbers 10e000602 and 10e0002342.  No such state court
7  cases are attached to the "notice of removal" or the Complaint.  It is apparent from Plaintiffs'
8  pleadings that they believe the Complaint and subsequent Notice of Removal (ECF No. 5) had
9  the effect of removing the eviction proceedings against Phantom Tours to this Court.  But there
10 is no evidence of any court action filed against Plaintiffs by Defendants in state court, only a
11 demand for payment of rent. (*See* Compl., Ex. A).
12       In summary, Plaintiffs have filed an action in this Court based on Defendants' demand
13 for payment of rent, and have now moved to "dismiss" the "removed actions."  The Court denies
14 this motion.  To any extent the Nevada Justice Court is treating any cases or administrative
15 proceedings as having been removed, the Court clarifies that they have not been removed.  And
16 to the extent Plaintiffs request the Court to dismiss any state court proceedings, the Court lacks
17 jurisdiction to enjoin state court actions that do not threaten the Court's jurisdiction or the
18 efficacy of its judgments. *See* 28 U.S.C. § 2283.  Nevertheless, the present Complaint is properly
19 before the Court pursuant to its original jurisdiction. *See* 28 U.S.C. §§ 1331–32, 1367.
20       **B.    The Motions to Remand or Dismiss and for Attorneys' Fees and Costs**
21       The Nevada Justice Court cases, if they exist, have not been removed.  Therefore, the
22 motion to remand is moot.  Yet there is a potentially viable case before the Court pursuant to the
23 Court's original jurisdiction. See §§ 1331–32, 1367.  Sanders and Cooper have moved to dismiss
24 under Rules 12(b)(5) and 12(b)(6) and based on lack of standing.

First, Sanders and Cooper argue that they have never been served and only became aware of the lawsuit through another Defendant. Sanders and Cooper are correct that no proof of service appears in the record. The Court dismisses as against them for this reason.

Second, Sanders and Cooper argue that Plaintiffs have failed to state a claim as to conspiracy or IIED. The Court will not address the motion under Rule 12(b)(6), however, because the case is more easily disposed of for the reasons noted below.

Third, and most importantly, Sanders and Cooper note that Bosem lacks standing to sue at all because only Phantom Tours was a party to the rental agreement underlying this case. Defendants are correct. (*See* Compl., Ex. D). Bosem has no standing in a personal capacity to pursue claims arising out of Defendants' alleged wrongful actions relating to the rental agreement. Phantom Tours is an independent legal entity that must file its own claims, if it wishes to do so. As Defendants note, even if Phantom Tours pursues its own claims—which it has done by joining as a Plaintiff—it must be represented by a licensed attorney. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (citing 28 U.S.C. § 1654); *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("A corporation may appear in federal court only through licensed counsel."); *see also In re Discipline of Schaefer*, 25 P.3d 191, 200 (Nev. 2001) ("We have consistently held that a legal entity such as a corporation cannot appear except through counsel . . . ."). Defendants argue that by presenting his company Phantom Tours as appearing "pro se," Bosem—who Defendants claim is only licensed to practice law in Florida, where he is currently suspended for failure to pay bar dues—is in fact engaging in the unauthorized practice of law. If, as Defendants claim, Bosem is not admitted to this Court either generally or pro hac vice, he is potentially engaged in the unauthorized practice of law. At a minimum, Phantom Tours will be stricken as a Plaintiff. This leaves only Bosem, who has no standing to assert Phantom Tours' claims. The Court

therefore grants the motion to dismiss for this reason, as well.  The Court will also grant fees and costs to Defendants.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' Motion to Dismiss (ECF No. 7) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss and Request for Attorneys' Fees and Costs (ECF Nos. 11, 15) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion to Remand and Request for Attorneys' Fees and Costs (ECF Nos. 14, 17) is GRANTED in part and DENIED in part. Attorneys fees and costs are granted, but the motion to remand is denied as moot.

DATED this 9th day of August, 2010.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE