UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SANFORD D. BOSEM, et al., ) | |
| ) | Case No.: 2:10-cv-00251-RCJ-RJJ |
| Plaintiffs, ) | |
| vs. ) | **ORDER** |
| ) | |
| REMAX PROPERTIES, LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Currently before the Court is Defendants' Motion to Clarify (ECF No. 44) the attorney's fees and costs section of the Court's August 9, 2010 Order (ECF No. 39).

In accordance with this Court's August 9, 2010 Order (ECF No. 39), Defendants will be awarded reasonable attorney's fees and costs. However, "[i]t remains for the district court to determine what fee is 'reasonable'" once it has determined that a party is entitled to attorney's fees and costs. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In federal court, reasonable attorney's fees are based on the lodestar calculation set forth in *Hensley*. *See Fischer v. SJB-P.D., Inc.,* 214 F.3d 1115, 1119 (9th Cir. 2000); *Van Asdale v. Int'l Game Tech.*, 2010 WL 1490349, at *8 (D. Nev. April 13, 2010). This calculation requires a determination of the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The party seeking attorney's fees should therefore submit evidence to support the reasonableness of the number of hours worked as well as the reasonableness of the hourly rates charged. *See id.* Indeed, the party must submit "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). However, Defendants' initial Memorandum of Attorney's Fees and Costs (ECF

No. 43) did not provide adequate evidence in these regards--the Memorandum and the attached exhibits merely listed the costs and fees accrued and contended, in a conclusory fashion, that these represented the fair and reasonable value of the legal services necessarily performed as a result of the litigation in this case.  Accordingly, the Court will not yet determine whether the time billed or the hourly rate charged were reasonable.

    IT IS THEREFORE ORDERED that Defendants must submit a revised Memorandum of Attorney's Fees and Costs that complies with the requirements set forth in Rules 54-16 and 54-1 of the Local Rules of Civil Practice and all other applicable Rules.  Plaintiffs will have fourteen (14) days after that Memorandum is filed to file an Opposition to the Memorandum, if they choose to do so.  If an Opposition is filed, Defendants will have seven (7) days from the date the Opposition is filed to file a Reply.  The Court will then issue an Order detailing the reasonable attorney's fees and costs owed to Defendant.

    IT IS FURTHER ORDERED that Defendants' Motion for Clarification (ECF No. 44) will be marked as no longer pending, as this Order serves to clarify the current posture of this case.

    DATED this 29th day of November, 2010.

_____
Gloria M. Navarro
United States District Judge