# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SANFORD BOSEM, et al.,                    )
                                          )
                    Plaintiffs,           )        Case No.: 2:10-cv-00251-GMN-RJJ
                                          )
          vs.                             )
                                          )              **ORDER**
REMAX PROPERTIES, LLC, et al.,            )
                                          )
                    Defendants.           )
_____   )

On August 8, 2009, the Court granted Defendants' Motion to Dismiss and awarded them attorney's fees and costs based on Plaintiffs' conduct in this case, which was tantamount to bad faith. (*See* Order, ECF No. 39.)  Conduct is "tantamount to bad faith" if there is "recklessness . . . combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2006).  Here, Plaintiff Bosem's conduct was both reckless and frivolous.  As explained in the August 9, 2010 Order, Plaintiff Bosem is only licensed to practice law in Florida, where he is currently suspended for failure to pay his bar dues.  Yet, he brought this case on behalf of himself and Plaintiff Phantom Tours, LLC, presenting Phantom Tours, LLC as being represented "pro se" by himself.  However, because Plaintiff Bosem is not admitted in this District or appearing *pro hac vice* in this case, such activity essentially constitutes the unauthorized practice of law. The only party for which Plaintiff could ethically have appeared *pro se* was himself, but he very clearly lacked standing to bring this lawsuit.  Such lack of standing should have been readily apparent to a person with legal training such as Plaintiff Bosem.

Furthermore, the "Notice of Removal" (ECF No. 5) and "Motion to Dismiss Removed Actions" (ECF No. 7) are nothing short of frivolous.  Plaintiffs were not defendants in an

underlying Nevada state case filed by Defendants--Defendants only appear to have made a demand for payment of rent.  Therefore, Plaintiffs had no grounds for filing a Notice of Removal.  Because Plaintiff Bosem recklessly filed an obviously meritless suit while also purporting to represent a limited-liability company he was not authorized to represent before this Court, the Court determined that an award of attorney's fees and costs to Defendants was appropriate.

However, Defendants' first Memorandum of Fees and Costs (ECF No. 43) provided insufficient information for the Court to be able to award reasonable attorney's fees, so the Court ordered Defendants to file a brief more thoroughly describing their attorney's fees and costs (*see* Order, ECF No. 45).  Defendant did so (*see* ECF No. 36), though the Amended Memorandum contains no mention of costs.  A Bill of Costs should have been filed pursuant to Local Rule 54-1.

For the reasons that follow, Defendants will be awarded the $3,805.00 in attorney's fees requested in the Amended Memorandum.

## I.    DISCUSSION

The calculation of reasonable attorney's fees is normally a two-step process.  First, the Court computes the "lodestar" figure, which requires that the Court multiply the reasonable hourly rate by the number of hours reasonably expended on the litigation. *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (citation omitted).  This lodestar amount is presumptively reasonable. *See Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

### A.    Step One

#### 1.    Reasonable Hourly Rate

It is customary for attorneys to bill an hourly rate for legal services.  Ms. Hofsommer, who served as counsel for Defendants, and Mr. Sanders, another member of her law firm,

1  charged a rate of $150.00 per hour for the work performed on this case.  Even though Ms.

2  Hofsommer is in her first year of practicing law, this is still a very reasonable fee.

3                    2.    Hours Reasonably Expended

4         Exhibit 1 to Defendants' Amended Memorandum is an itemized list of the hours Ms.

5  Hofsommer and Mr. Sanders spent working on this case.  The hours billed reflect the

6  attorneys' work on the Motion to Dismiss in this case, as well as research into some of the

7  more intricate procedural and substantive facets of it.  The Court is familiar with the papers

8  Defendants filed in this case and finds that these hours, and the resulting lodestar amount, are

9  reasonable.

10        **B.    Step Two**

11        If the circumstances warrant it, the Court may adjust the lodestar amount to account

12  for other factors that are not subsumed within it. *Camacho*, 523 F.3d at 978.  Courts often

13  look to the *Kerr* factors to determine whether to increase or decrease the lodestar amount;

14  indeed, the *Kerr* factors are incorporated in their entirety into Local Rule of Civil Practice 54-

15  16.  The *Kerr* factors are: (1) the time and labor required; (2) the novelty and the difficulty of

16  the questions involved; (3) the skill required to perform the legal service properly; (4) the

17  preclusion of other employment by the attorney due to the acceptance of the case; (5) the

18  customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by

19  the client or circumstances; (8) the amount involved and the results obtained; (9) the

20  experience, reputation, and ability of the attorney; (10) the "undesirability" of the case, if any;

21  (11) the nature and length of the professional relationship with the client; and (12) awards in

22  similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

23        Having considered all of those factors, the Court concludes that none of them warrant

24  a revision of Ms. Hofsommer's fee application, and the court will therefore award

25  Defendants' $3,805.00 in attorney's fees.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants are awarded the sum of $3,805.00 in attorney's fees requested in Defendants' Amended Memorandum (ECF No. 46).

DATED this 19th day of May, 2011.

_____
Gloria M. Navarro
United States District Judge